**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN GADRA-LORD,** | : | **Civil No. 1:15-CV-540** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **( Judge Kane)** |
| | : | |
| **DEPUTY VUKSTA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This is a *pro se* civil rights case filed by the plaintiff, a state prisoner. (Doc. 1.) In his complaint Gadra-Lord complains about his medical care in May 2013, the conditions of his confinement at this time, and food service he has received from various unnamed defendants while recovering from injuries he received in a fall. (Id.) While the complaint made these factual recitals regarding unnamed defendants, the only defendant identified by name in the complaint was Deputy Vuksta, who is simply identified as a supervisor at SCI Mahanoy. (Id.) While he was identified in the caption of the case, Gadra-Lord's complaint then contained no factual recitals regarding the alleged involvement of Deputy Vuksta in any of the events set forth in

the complaint. (Id.) Thus, as to defendant Vuksta, the only named defendant in this lawsuit, the complaint was devoid of any well-pleaded facts.

Along with his complaint, Gadra-Lord filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 5.) We granted the motion for leave to proceed *in forma pauperis*, (Doc. 5.), but as part of our legally-mandated screening review we found that Gadra-Lord had failed to state a claim upon which relief may be granted with respect to Deputy Vuksta, the supervisory defendant named in his complaint and the only defendant identified by name in this pleading. Therefore, we recommend that the court dismiss the claims lodged against this defendant for failure to presently state a claim upon which relief can be granted, without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. (Doc. 8.) The district court adopted this recommendation, (Doc. 9.), and Gadra-Lord has now filed an amended complaint, albeit an amended complaint which only provides a fragmentary account of his claims. (Doc. 10.)

Because this proposed pleading does not meet the requirements prescribed by federal practice, IT IS ORDERED that Gadra Lord shall file a comprehensive amended complaint on or before **June 21, 2015**. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new

pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of

transactions or occurrences, and they should contain a question of law or fact common to all defendants. The court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

So ordered this 1st day of June, 2015.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge