**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN GADRA-LORD,** | : | **Civil No. 1:15-CV-540** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **( Judge Kane)** |
| | : | |
| **DEPUTY VUKSTA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Presently there are two potentially dispositive motions pending in this prisoner civil rights lawsuit. (Docs. 18 and 23.) While these motions are pending, the plaintiff has twice moved for further discovery, (Docs. 26 and 27.), inspiring the defendant to seek a stay of discovery until these dispositive motions are resolved. (Doc. 29.) For the reasons set forth below, in the exercise of our discretion we believe that the more appropriate course is to stay further discovery pending resolution of these potentially dispositive motions since the resolution of these motions will define in material ways the scope of further discovery, or the need for any further discovery in this matter.

Several basic guiding principles inform our resolution of the instant discovery dispute.  At the outset, the scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court."  DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse

of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J.1997).   When a magistrate judge's decision involves a
> discretionary [discovery] matter . . . , "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States,
> 943 F.Supp. 501, 502 (E.D.Pa.1996)).  Under that standard, a magistrate
> judge's discovery ruling "is entitled to great deference and is reversible
> only for abuse of discretion."  Kresefky v. Panasonic Commc'ns and
> Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
> BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
> (holding that discovery rulings are reviewed under abuse of discretion
> standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
> F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
> resolution of discovery disputes deserves substantial deference and
> should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to

decisions under Rule 26(c) relating to the issuance of protective orders limiting and

regulating the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and

nature of [a protective order] is singularly within the discretion of the district court

and may be reversed only on a clear showing of abuse of discretion.'  Galella v.

3

Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic

Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). This discretion is guided, however, by

certain basic principles. One of these cardinal principles, governing the exercise of

discretion in this field, is that the district court may properly defer or delay discovery

while it considers a potentially dispositive pretrial motion, provided the district court

concludes that the pretrial motion does not, on its face, appear groundless. See, e.g.,

James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v.

U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ.

Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in

such a case, while the Court determines the threshold issue of whether a complaint

has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties

who file motions which may present potentially meritorious and complete legal

defenses to civil actions should not be put to the time, expense and burden of factual

discovery until after these claimed legal defenses are addressed by the Court. In such

instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.' " In re Currency Conversion Fee Antitrust
> Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting
> Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10
> (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203

F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-
Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y.
March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending potentially dispositive motions. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

An appropriate order follows:

## Order

Upon consideration of the pending motions for discovery (Docs. 26 and 27.) as well as the motion to stay discovery (Doc. 29.), IT IS ORDERED that further discovery is STAYED pending resolution of the outstanding dispositive motions filed by the defendant, and the plaintiff's motions for discovery (Docs. 26 and 27.) are DENIED without prejudice to renewal upon resolution of these potentially dispositive motions.

So ordered this 11th day of March 2016.

**_S/Martin C. Carlson_**
Martin C. Carlson
United States Magistrate Judge