IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHON GADRA-LORD, | : | |
|     Plaintiff | : | |
| | : | No. 1:15-CV-540 |
| v. | : | |
| | : | (Judge Kane) |
| DEPUTY VUKSTA, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 18, 2015 Plaintiff Gadra-Lord, an inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") at all times relevant to this action, filed this civil action against a number of employees with the Pennsylvania Department of Corrections and others, including Dr. Lisiak, a physician providing medical services to inmates at SCI-Mahanoy. (Doc. No. 1.) This action arises out of an incident that occurred in May 2013, when Plaintiff fell from the top bunk of a cell and required medical care. (See Doc. Nos. 1, 10, 12.) Plaintiff asserts First and Eighth Amendment violations against Dr. Lisiak and corrections officers Biscoe, Butts and Wagner (the "Commonwealth Defendants"), alleging claims of deliberate indifference to serious medical needs.[1] (Id.)

---

[1] In his June 23, 2015 amended complaint, Plaintiff also asserts claims against three categories of John and Jane Doe Defendants in addition to Dr. Lisiak and the Commonwealth Defendants, as follows:

  (1)    medical personnel who were delegated to assess any medical needs I had throughout my time in the infirmary;

  (2)    any Correctional Officer who deliberately ignored the fact that I had history of seizures and gave an order that directly resulted in the conditions that led to my fall; and

Now before the Court are two Reports and Recommendations of Magistrate Judge Carlson addressing motions for summary judgment filed by the remaining defendants in this case. (Doc. Nos. 60, 61.) One Report and Recommendation addresses the motion for summary judgment filed by Dr. Lisiak (Doc. No. 60), and the other Report and Recommendation addresses the motion for summary judgment filed by the Commonwealth Defendants (Doc. No. 61). In both Reports and Recommendations, Magistrate Judge Carlson recommends granting summary judgment in favor of the defendants on the grounds that there is no genuine issue of material fact as to Plaintiff's failure to properly and timely exhaust his administrative remedies with respect to the conditions of confinement claims asserted against the defendants. (Doc. No. 60 at 20-23; Doc. No. 61 at 15-18.) With regard to Plaintiff's claim against Dr. Lisiak, Magistrate Judge Carlson also finds that Plaintiff has produced no evidence permitting an inference that Dr. Lisiak was deliberately indifferent to Plaintiff's serious medical needs. (Doc.

---

(3) any Correctional Officer who was in charge of administering food rations to each inmate housed in the infirmary who refused to supply me with necessary sustainance [sic] and is also responsible for administering toiletries and hygiene supplies.

(Doc. No. 12 at 1.)

"Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998). When reasonable discovery does not reveal the identities of the defendants, John Doe defendants must be dismissed. See Blakeslee v. Clinton Cnty., 336 Fed. App'x 248, 250 (3d Cir. 2009) (affirming district court use of Federal Rule of Civil Procedure 21 to dismiss John Doe defendants after ten months of discovery without identification of those defendants). Accordingly, pursuant to Federal Rule of Civil Procedure 21, which provides that "on motion or on its own, the court may at any time, on just terms, add or drop a party," and in light of the fact that Plaintiff filed his amended complaint almost two years ago, and discovery in this matter closed on September 28, 2016, without identification of any John or Jane Doe defendants, Plaintiff's claims against all John or Jane Doe Defendants will be dismissed.

No. 61 at 23.)

Plaintiff objects to both Reports and Recommendations in one document (Doc. No. 62). In that filing, he objects to Magistrate Judge Carlson's finding that no genuine issue of material fact exists as to Plaintiff's failure to properly and timely exhaust his administrative remedies with regard to the legal claims at issue in this action. Having considered Plaintiff's filing, the Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Plaintiff's objection in the Reports and Recommendations themselves. (Doc. Nos. 60, 61.) Accordingly, the Court will not write separately to address Plaintiff's objection.

**AND SO**, upon independent review of the record and applicable law, on this 28th day of April 2017, **IT IS ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 60), is **ADOPTED**;

2. Defendant Lisiak's motion for summary judgment (Doc. No. 47), is **GRANTED**;

3. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 61), is **ADOPTED**;

4. Defendant Biscoe, Butts, and Wagner's motion for summary judgment (Doc. No. 50), is **GRANTED**;

5. All remaining John and Jane Doe defendants are dismissed from this action; and

5. The Clerk of Court is directed to enter judgment in favor of Defendants Lisiak, Biscoe, Butts, and Wagner, and close the case.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania